KELLY, J.
oconcurring in result only). I concur that defendant did not qualify for a certificate of cooperation. However, I disagree with several crucial aspects of the majority’s interpretation of MCL 791.234(10).
The majority opinion creates the requirement that, to be eligible for credit for cooperation under MCL 791.234(10), a prisoner must provide law enforcement with all the information he has about a crime. The statute does not contain this requirement. Moreover, I believe that the Legislature did not intend that the statute should be interpreted to include it.
One might reflect that a prisoner providing less than all the information he possesses about a crime could nonetheless be very helpful to law enforcement. That may explain why the Legislature chose to confer the benefit of early parole eligibility using such general terms. It permitted the benefits to be conferred if the prisoner is shown to have “cooperated with law enforcement,” and it refrained from indicating what constitutes cooperation and how much cooperation is enough.
Moreover, the Legislature chose not to limit the statute’s benefit to prisoners who provide information that is relevant and useful. Rather, it specified that the prisoner may be found to have cooperated with law enforcement even if the court determines that he had no relevant or useful information to provide. MCL 791.234(10). The Legislature pointedly left it to the discretion of the judge to determine how much cooperation is sufficient to earn the benefit of early parole eligibility.
*641 For these reasons, I concur only in the result of Justice Weaver’s majority opinion.